**MEMO ENDORSED**

Application DENIED without prejudice. The Court directs Plaintiff to the Court's Individual Rule 4(k), which requires that parties meet-and-confer prior to raising a discovery dispute with the Court, and then submit a letter-motion that states, *inter alia*, each party's position. As stated in Rule 4(k), "[a]ny letter-motion that fails to include this information will be denied."

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge
Dated: November 2, 2026
White Plains, New York


# RODERICK D. WOODS, P.C.

RODERICK DAVID WOODS, ESQ.*
ATTORNEY-AND-COUNSELOR AT LAW
*ADMITTED TO PRACTICE IN NEW YORK, CONNECTICUT, AND WASHINGTON, D.C.


November 2, 2026

Honorable Jessica G.L. Clarke
United States District Judge
United States District Court for the Southern District of New York
The Hon. Charles T. Brieant, Jr. United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: Diamond Tucker St. Property, LLC v. Pupovic, *et al*; 7:24-cv-08373 (JGLC)

Dear Judge Clarke:

The Plaintiff, Diamond Tucker St. Property, LLC ("Plaintiff" or "DTS"), respectfully submits this letter Motion requesting the Court's opening of the present global stay on discovery for the express, limited purpose of allowing the Plaintiff an immediate, expedited window to engage in strictly limited factual discovery concerning the essential pleading elements of the Defendants' jurisdictional preclusion defenses. The Defendants have expressly invoked the Court's subject matter jurisdiction on the breach of contract preclusion issue, and, as Plaintiff contends, this invocation, at a minimum, requires discovery examination of Defendants' evidence under oath for Plaintiff to have an opportunity to review and rebut their purported evidence. Consequently, the Plaintiff respectfully requests that the Court grant this Motion *prior* to the commencement of the briefing schedule, slated to begin November 20, 2026.

As a threshold matter, Plaintiff and the undersigned Counsel are mindful of, and wholly respect, the Court's Order at ECF 51. This letter Motion does not seek relief which was previously sought and denied by this Court, nor does it seek any modification of the briefing schedule that the Court previously established and ruled would remain intact. As such, Plaintiff believes that it submits this letter Motion in good faith. While the Court noted at the October 21, 2026 conference that the stay on discovery would remain intact, the Court did not entertain any arguments of


880 THIRD AVENUE
5TH FLOOR
NEW YORK, NEW YORK 10022
(212) 653-8754 (TELEPHONE)
(212) 656-1555 (FACSIMILE)
RODERICK.WOODS@RDW-LAW.COM
WWW.RDW-LAW.COM

Plaintiff or the Defendants as to any modification of the discovery stay, Plaintiff's previously filed Motions at ECF Nos. 47 and 49 did not seek this relief, and, based on a review of the docket and pleadings, it does not appear that the Court ever adjudicated (or was presented with) this particular issue or that it previously denied the Plaintiff the relief it now seeks. In fact, the Plaintiff's instant application for accelerated, targeted deposition discovery does not seek to expand, alter, or extend any deadline set by the Court; rather, lodged promptly as it is, it sits cleanly before the established briefing track to ensure that a sharp, extra-pleading factual challenge to subject-matter jurisdiction concerning the baseline existence of a prior breach of contract claim is not forced into a parallel track in an absolute informational vacuum.

Additionally, the Defendants' proposed challenge to this Court's subject-matter jurisdiction relies entirely on extraneous, non-pleading documents and deep factual allegations situated completely outside the four corners of the Complaint. Because the Defendants seek to mount an intensive factual attack under Fed. R. Civ. P. 12(b)(1), rather than a facial one, introducing unsworn, un-indexed assertions alien to the record, the underlying reality cannot remain hidden without discovery examination.

Concomitant with the above, Plaintiff requests a discovery Order strictly and exclusively narrowed to the factual elements of Defendants' newly hatched breach of contract jurisdictional preclusion claim. The Plaintiff does not seek an open-ended exploration of legal opinions or blanket lifting of the discovery stay, but rather a highly compressed, structured order for targeted factual discovery.

**THE CONTROLING SECOND CIRCUIT MANDATE FOR EXPEDITED DISCOVERY ON INTERTWINED, EXTRA-PLEADING FACTUAL CHALLENGES**

The Plaintiff's request is undergirded by long-standing Second Circuit law, holding that when a defendant mounts a factual challenge to jurisdiction by introducing external, non-pleading assertions that are completely intertwined with the underlying merits, a District Court cannot permit a threshold dismissal where the jurisdictional record remains un-developed; the Court requires that the Plaintiff be given a fair, ample opportunity to conduct targeted discovery -- to secure and present evidence, or to have evidenced challenged under oath for rebuttal -- relevant to those threshold facts before being forced to brief a final opposition. This foundational principle commands that a District Court take absolute care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction.

The unbroken column of controlling Article III authority within this Circuit mandates pre-briefing discovery to resolve sharp factual disputes concerning threshold procedural bars**.** In *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004), for instance, the Second Circuit explicitly established that in resisting a motion to dismiss under Rule 12(b)(1), "**plaintiffs are permitted to present evidence (by affidavit or otherwise) of the facts on which jurisdiction rests**. ***In addition, courts generally require that plaintiffs be given an opportunity to conduct discovery***

***on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party.***" (emphasis added). This right is anchored directly in the long-standing rule of *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986), and a lower court's structural or implicit denial of a party's request for discovery under these factual 12(b)(1) conditions constitutes a reviewable abuse of discretion. *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 175 (2d Cir. 1998).

Moreover, this mandate is reinforced by the strict cautionary directives of *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003), which flatly prohibits a threshold dismissal where the factual record remains un-developed, commanding that the tribunal ensure a plaintiff has a meaningful opportunity to develop the record facts when faced with an extra-pleading challenge. *See also Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). Sound judicial discretion dictates that where outside assertions reveal the existence of deep factual problems, the Court should defer or stay its consideration of the main motion until a compressed discovery window has concluded. *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir. 1975); *see also Agrashell, Inc. v. Bernard Sirotta Co.*, 344 F.2d 583, 585 (2d Cir. 1965). A district court's structural refusal to permit targeted discovery into sharply disputed threshold facts constitutes a reviewable abuse of discretion where the discovery could completely clarify whether a threshold procedural bar applies to the active controversy. *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d Cir. 2010).

In accordance with the above, the Plaintiff respectfully requests that this Honorable Court enter a Procedural Order: (1) modifying the global stay on discovery to allow Plaintiff to proceed with concentrated discovery and evidence examination under oath, limited to the subject of Defendant's new jurisdictional challenge based on an alleged prior breach of contract claim; and (2) granting Plaintiff such other and further relief as this Court deems appropriate.

The Court's time and kind attention to this request is appreciated.

Very Truly Yours,



Roderick D. Woods, Esq.

cc: All counsel of record via ECF